UNITED STATES DISTRICT COURT _____
EASTERN DISTRICT OF NEW YORK

_____X

JOSE L. MOLINA, *pro se*,

                    Plaintiff,

      -against-                               **SUMMARY ORDER**

YMCA; MISS ELVANE HOUSKEPER;               08-CV-577 (DLI)
MR. HAMMEN; MR. CHRIS,

                    Defendants.
_____X

**IRIZARRY, DORA L., United States District Judge:**

        Plaintiff Jose L. Molina brings this *pro se* action against the YMCA and three of its staff

members, alleging mistreatment. Plaintiff's request to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915 is granted for the limited purpose of this Order, and the complaint is dismissed for

the reasons set forth below.

### BACKGROUND

        Plaintiff's allegations arise out of his stay in guest rooms at the YMCA in Jamaica, Queens

and an incident that occurred there on July 7, 2007. According to the complaint, defendant "Elvane

Houskeper" allowed "criminals" into plaintiff's room to "abuse" him and "even take my life."

Complaint at 1. According to the Complaint Report,[1] plaintiff called 911 on July 7, 2007,

complaining that there was someone in his room with a gun, and two officers of the New York City

Police Department responded at 4:30 a.m. Complaint Report at 1. The Complaint Report further

_____

     [1]Plaintiff filed the Complaint Report with the Citizens Complaint Review Board of the
New York State Division on September 30, 2007, and he attached a copy of the document to the
complaint in the instant matter.

alleges that "Evelyn[2] gave the man with the gun access to [Molina's] room to 'shoot Mr. Molina down.'" Id. Plaintiff further alleges that the responding officers refused "to go to the room to investigate the scene" and the police precinct refused to provide him with a report when he requested one. Id. Plaintiff believes that the "gunman is working with a civilian or an officer from precinct" to kill him or his family. Id.

Plaintiff also attached to the complaint a letter addressed to him, dated January 18, 2008, from the New York State Division of Human Rights ("Division of Human Rights"). In that letter, it is evident that plaintiff's allegations are being reviewed by the Division of Human Rights and that the Division of Human Rights has forwarded plaintiff's Complaint Report to the United States Department of Housing and Urban Development ("HUD") for federal review of his allegations. While these matters are pending before the Division of Human Rights and the HUD, plaintiff fileD the instant complaint against the YMCA and three employees seeking damages.

## DISCUSSION

### A.     Standard of Review

Title 28, Section 1915(e)(2)(B) of the United States Code requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Because plaintiff is *pro se*, his complaint must be read liberally and interpreted as raising the strongest arguments it suggests. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim

_____

[2]"Evelyn" is apparently the same person as "Elvane Houskeper."

might be stated," this Court must grant plaintiff leave to amend the complaint.  See Cuoco v.

Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795

(2d Cir. 1999).

######     B.      Section 1983

Construing plaintiff's complaint liberally, as the Court must, Haines v. Kerner, 404 U.S.

519, 520 (1972), the Court construes the complaint as setting forth a discrimination claim

pursuant to 42 U.S.C. § 1983 ("§ 1983"), thereby conferring federal question jurisdiction on this

Court.  In order to maintain a § 1983 action, a plaintiff must allege two essential elements.  First,

"the conduct complained of must have been committed by a *person* acting under color of *state*

law."  Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (emphasis added).  Second, "the

conduct complained of must have deprived a person of rights, privileges or immunities secured

by the Constitution or laws of the United States."  Id.

To the extent that plaintiff alleges that he was mistreated by the YMCA or individual

staff members, these claims must be dismissed because neither the organization nor its staff

members are "state actors."  As the Supreme Court has held, "the under-color-of-state-law

element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory

or wrongful."  American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations

omitted); see also Valle v. YMCA of Greater N.Y., No. 05 Civ 5318, 2006 WL 2571946, at *7

(S.D.N.Y. July 6, 2006) (taking judicial notice that the YMCA is a private not-for-profit

corporation, not a state actor, and thus not amenable to suit under § 1983); Studifin v. N.Y. City

Police Dep't, 728 F. Supp. 990, 993 (S.D.N.Y. 1990) (finding that the YMCA does not act under

color of state law in its capacity as a landlord because it does not receive substantial funding

from the state and "does not enjoy any special powers granted by any governmental authority to facilitate the eviction of tenants or otherwise ease its operations"). The defendants here are not proper parties to a § 1983 claim and are thus dismissed from this action for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915 (e)(2)(B)(ii).

## CONCLUSION

For the reasons stated above, plaintiff's complaint is dismissed for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is advised to send a copy of this Order to both the address provided on the complaint, YMCA, 99 Meserole Avenue, Room 409, Brooklyn, New York, 11222, and the address provided by plaintiff, New York State Division of Human Rights,[3] 11-11 Carroll Street, Apartment 3B, Brooklyn, New York 11225.

SO ORDERED.

Dated: Brooklyn, New York
      March 21, 2008

/s/

DORA L. IRIZARRY
United States District Judge

---

[3]This is the address provided by plaintiff in his pending employment discrimination action. Molina v. My Guard Security Co., No. 07-CV-5426 (DLI) (LB).